# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| April Carrico-Hardegree, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:19-cv-4053 |
| The Law Office J. Mark Heldenbrand, PC, an Arizona law firm, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT – CLASS ACTION**

Plaintiff, April Carrico-Hardegree, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3.  Plaintiff, April Carrico-Hardegree ("Carrico-Hardegree"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt, which was allegedly owed for an Anytime Fitness account.

4. Defendant, The Law Office J. Mark Heldenbrand, PC ("Heldenbrand"), is an Arizona professional corporation and law firm that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Defendant Heldenbrand operates a debt collection business and attempts to collect debts from consumers in several states, including consumers in the State of Indiana. In fact, Defendant Heldenbrand was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

**FACTUAL ALLEGATIONS**

5. Ms. Carrico-Hardegree fell behind on paying her bills, including a debt she allegedly owed to Anytime Fitness. After she defaulted on that debt, Defendant Heldenbrand tried to collect it from her by sending Ms. Carrico-Hardegree an initial form collection letter, dated October 30, 2018. This collection letter stated that "Our Client" was "PROFNL DEBT RECOVERY SERVS", and further stated that the "Original Creditor" was "ANYTIME FITNESS". The letter then noted: "Please be advised that this law firm represents the above name creditor in its effort to collect your delinquent debt as shown above". A copy of Defendant's letter is attached as Exhibit A.

6. The letter failed to explain what the difference was between "our client", the "original creditor", and "above named creditor". Thus, Defendant's letter failed to state effectively the name of the creditor to whom the debt was then owed.

7. Moreover, Defendant's letter also stated, "This balance may increase due to interest and fees", see, Exhibit A. That language is a variant of a safe harbor letter created by the Seventh Circuit in Miller v. McCalla, Raymer, Padrick, Cobb, Nichols,

and Clark, 214 F.3d 872, 876 (7th Cir. 2000), for mortgage debts where interest, late charges and other charges are continuing to accrue on an account. To include it in collection letters involving other debts, where such charges are not accruing, violates the FDCPA. Boucher v. Finance System of Green Bay, 880 F.3d 362, 367-368 (7th Cir. 2018).

8. Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Moreover, the identification of the creditor is such a factor because, among other things, it is a factor for a consumer in determining whether an attempt to collect a debt is fraudulent, see, Janetos v. Fulton, Friedman & Gullace, 825 F.3d 317, 319-25 (7th Cir. 2016). Plaintiff was, in fact, confused by Defendant's letter as to whom the debt was then owed and whether the debt was subject to increase due to interest and fees.

9. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

10. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692g(a)(2)
### Failure To Identify Effectively The Current Creditor

11. Plaintiff adopts and realleges ¶¶ 1-10.

12. Section 1692g of the FDCPA requires that, within 5 days of Defendant's

first communication to a consumer, they had to provide Ms. Carrico-Hardegree with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

13. Defendant's form collection letter violates § 1692g(a)(2) of the FDCPA because it failed to identify effectively the current creditor to whom the debt was owed, see, Janetos, 825 F.3d at 321-23; see also, Taylor v. Alltran Financial, 2018 U.S.Dist.LEXIS 159862 at [*6]-[*10](S.D.Ind. 2018); Long v. Fenton & McGarvey Law Firm, 223 F.Supp.3d 773 (S.D. Ind. 2016); Pardo v. Allied Interstate, 2015 U.S.Dist. LEXIS 125526 (S.D. Ind. 2015); Deschaine v. National Enterprise Systems, 2013 U.S. Dist.LEXIS 31349 (N.D. Ill. 2013); Walls v. United Collection Bureau, 2012 U.S.Dist. LEXIS 68079 (N.D. Ill. 2012); Braatz v. Leading Edge Recovery Solutions, 2011 U.S. Dist.LEXIS 123118 (N.D. Ill. 2011).

14. Defendant's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692e Of The FDCPA – False, Deceptive Or Misleading Collection Actions

15. Plaintiff adopts and realleges ¶¶ 1-10.

16. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt, including falsely representing the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A), as well as threatening to take any action that cannot legally be taken or that is not intended to be taken, see, 15 U.S.C. § 1692e(5).

17. By sending the collection letter threatening to impose additional interest

and fees when none would, or could, be imposed, Defendant violated § 1692e of the FDCPA.

18. Defendant's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

### COUNT III
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

19. Plaintiff adopts and realleges ¶¶ 1-10.

20. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, <u>see</u>, 15 U.S.C. § 1692f.

21. Defendant, by threatening to impose additional interest and fees, when none would, or could, be imposed, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

22. Defendant's violation of § 1692f of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

### CLASS ALLEGATIONS

23. Plaintiff, April Carrico-Hardegree, brings this action individually and as a class action on behalf of all persons similarly situated from whom Defendant attempted to collect a defaulted consumer debt allegedly owed for an Anytime Fitness account, via the same form collection letter (Exhibit <u>A</u>), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as

authorized by § 1692k(a)(2) of the FDCPA.

24. Defendant regularly engages in debt collection, using the same form collection letter they sent Plaintiff Carrico-Hardegree, in its attempts to collect defaulted consumer debts from other consumers.

25. The Class consists of more than 35 persons from whom Defendant attempted to collect defaulted consumer debts by sending other consumers the same form collection letter it sent Plaintiff Carrico-Hardegree.

26. Plaintiff Carrico-Hardegree's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

27. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

28. Plaintiff Carrico-Hardegree will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because

Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Carrico-Hardegree has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, April Carrico-Hardegree, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Carrico-Hardegree as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendant's form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Carrico-Hardegree and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, April Carrico-Hardegree, individually and on behalf of all others similarly situated, demands trial by jury.

April Carrico-Hardegree, individually and on behalf of all others similarly situated,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: September 27, 2019

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
John T. Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
john@johnsteinkampandassociates.com

8